IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DELANTA FRINK<br><br>PLAINTIFF<br><br>V.<br><br>EMPRESAS Y-NUINA, INC. DBA KIKUET<br><br>DEFENDANT | CIVIL NO. 14-1630<br><br>RACE/COLOR AND NATIONAL ORIGIN DISCRIMINATION<br>RETALIATION<br>PR LAW NO. 100 OF JUNE 30, 1959<br>PR LAW 115 OF DECEMBER 20, 1991<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Now comes the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

**NATURE OF THE ACTION AND JURISDICTION**

1. This is an action for injunctive relief, back pay, compensatory, punitive damages and double compensatory damages arising under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., the Civil Rights Act of 1991 (Title VII), Law No. 100 of June 30, 1959 (Law 100), and Law No. 115 of December 20, 1991 (Law 115) to seek redress for the Defendant's discrimination and retaliation against the plaintiff Delanta Frink (hereinafter referred to as Frink), on the basis of his race, color and national origin while in Defendant's employment.

2. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 42 U.S.C 2000e-5, 28 U.S.C. 1331 and 28 U.S.C. 1332. Frink further invokes the pendent or supplemental jurisdiction of this Court under 28 U.S.C. 1367 to hear Commonwealth Law claims that arose from the same nucleus of operative facts.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (b).

4. All conditions precedent to jurisdiction under 42 U.S.C. 2000e-5(f)(3) have occurred or have been met.

    a. Timely charges of employment discrimination on the basis of race/color and national origin discrimination and retaliation were filed with the Puerto Rico Department of Laborøs Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC").

    b. After proceedings at the Department of Labor, the parties could not solve their differences.

    c. Plaintiff sought a Right to Sue letter from the EEOC and the Notification of Right to Sue was received from the EEOC after July 16, 2014.

    d. This complaint is being filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

5. All the discriminatory and retaliatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

6. Defendant, EMPRESAS Y-NUINA, INC. dba KIKUET (Kikuet), at all times relevant herein, has been Frinkøs employer.

7. Kikuet is, and at all times hereinafter mentioned, was a corporations duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant is a õpersons" within the meaning of Section 701 (a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(a).

9. Defendant is an employer within the meaning of 42 U.S.C. 2000e (a) inasmuch as it has employed 20 or more employees for each working day in 2013 and 2014.

10. Defendant is engaged in an "industry affecting commerce" within the meaning of Section 701 (h) of the Civil Rights Act of 1964, 42 U.S.C. 2000e(h).

11. Plaintiff is citizen of the United States and resident of the Commonwealth of Puerto Rico. At all times relevant herein, Plaintiff has been Defendant's employee.

12. Frink is of legal age, black, indigenous decent and north American, meaning that he was born in the continental United States, not in Puerto Rico. He was born in **Washington D.C.** and raised in Atlanta, Georgia.

## THE NARRATIVE

13. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

14. Frink started working for the defendant in August 2009.

15. Frink has always performed the duties of the positions he has occupied in a satisfactory manner for the defendant. He has was always been an excellent, capable and dedicated employee.

16. Among other discriminatory actions, the following actions have been taken against Frink due to his race, color and national origin:

   a. At the beginning of his tenure with defendant, Frink noticed that he was being ignored.

   b. Frink, having a college education, has not been considered for promotions that have been given to less prepared, experienced and educated employees.

   c. Defendant's vice-president, Hector Vargas, has referred to Frink in a few occasions as the nigger. He was also called the "gringo."

   d. Frink has been demoted in a few occasions.

   e. Frink has been forced to work under stressful and pressuring conditions. His supervisors are always threatening Frink with the discharge.

   f. He has been removed from defendant's departments without valid explanations.

   g. He has been commanded to cut his hair, command that has not been given to other

employees in similar situations.

  h. Frink has been temporally suspended from work due to faulty allegations and discrimination visited upon him in which other employees committing the same act have received no punishment.

  i. A supervisor is constantly mocking about his hair, which represents a nationalization of being black.

  j. He has been admonished and punished without just cause.

  17. Plaintiff was discriminated because of his race, color and national origin. A hostile work environment has been was created by defendant.

  18. On August 29, 2014, Frink filed a charge of employment discrimination on the basis of race, color and national origin discrimination against the defendant before the Puerto Rico Department of Labor's Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). Thereafter, he began to be target of hostile treatment by defendant because of the tendering of the charge. Among other things, he was taken away duties.

## FIRST CAUSE OF ACTION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

  19. Frink repeats and realleges each and every preceding allegation as is fully set herein.

  20. Defendant discriminated against Frink.

  21. But for Defendant's motive to discriminate due to Frink's race, color and national origin, he would have not been discriminated.

  22. Defendant's racial, color and national origin discrimination against Frink was willful.

  24. Frink reported the discrimination to superiors on several occasions and nothing was done.

  25. As a direct consequence of the discriminatory conduct by Defendant, Frink has

suffered severe emotional damages, mental damage, loss of enjoyment of life, pecuniary damages, and suffering, as well as past and future loss of wages and employment benefits for which Defendant is liable.

### SECOND CAUSE OF ACTION OF DISCRIMINATION UNDER TITLE OF THE CIVIL RIGHTS ACT OF 1991

26. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

27. Defendant's discriminatory practices against Frink were malicious and/or carried with reckless indifference and/or intentional, thus, Plaintiff is entitled to receive punitive and compensatory damages.

### THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

29. Defendant's conduct constitutes discrimination on the basis of race-color and national origin violation of Law No. 100 of June 30, 1959, as amended, and as a result thereof Defendant is liable to Plaintiff for double damages.

### FOURTH CAUSE OF ACTION UNDER 42 U.S.C. 2000e-3 and LAW 115

30. Frink repeats and realleges each and every preceding allegation as if fully set herein.

31. Plaintiff, while employed by the defendant, has performed the duties of his positions in a satisfactory manner.

32. Plaintiff was retaliated by the defendant in retaliation for engaging in a protected activity under the Title VII and Law 115. In fact, he participated in a protected activity and adverse actions were subsequently taken against him. There is a casual connection between the Plaintiff's participation in the protected activity and the actions taken by the defendant.

33. As a result of defendant's retaliation, Plaintiff has been emotionally devastated.

34. Defendant is liable to the plaintiff for compensatory and emotional damages, back pay and double damages.

35. Defendant's retaliatory conduct constitutes a willful violation of the law and, as a result therefore, defendant is liable to Plaintiff for punitive damages. Defendant's conduct constitutes retaliation in violation of Law No. 115 and as result of thereof defendant is liable for compensatory and double damages.

### TRIAL BY JURY

36. Plaintiff demands that the instant action be tried before a jury.

**WHEREFORE** premises considered, Plaintiff prays that judgment be entered on her favor and against Defendants including the following relief:

a. An order directing Defendant to cease and desist of any discriminatory conduct.

b. Damages to compensate for the pain and suffering sustained by plaintiff as a result of Defendant's acts;

c. An award of compensatory damages for the emotional suffering, distress, loss of enjoyment of life, future pecuniary damage, and inconveniency resulting from Defendant's discrimination in an amount not less than $100,000.00;

d. Punitive damages for the amount of $100,000.00.

e. An award of double damages pursuant to Law No. 100.

f. An award of reasonable attorney's fees, together with costs and necessary disbursements;

g. Any other remedy that this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2014.

s/MANUEL DURAN
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.

SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
Fax. (787) 781-7771
USDC- PR No.204512